## MILLIE PATENT HOLDING CO., Inc., v. JOSEPH TETLEY & CO. et al.

District Court, S. D. New York.

Nov. 4, 1937

Redding, Greeley, O'Shea & Campbell, of New York City (William B. Greeley, Ambrose L. O'Shea, and William J. Millard, all of New York City, of counsel), for plaintiff.

William G. McKnight, of New York City, for defendants.

COXE, District Judge.

This is a suit for the infringement of three patents owned by the plaintiff; namely: (1) The Hirschhorn patent, No. 1,496,-537, dated June 3, 1924, for a tea cartridge; (2) the Hirschhorn patent, No. 1,497,276, dated June 10, 1924, for a method of manufacturing tea cartridges; and (3) the Allatt reissue patent, No. 16,897, dated March 13, 1928, being a reissue of patent No. 1,637,509, dated August 2, 1927, on an application filed September 26, 1922, for a bag-closing machine.

The defendant Pneumatic Scale Corporation, Ltd., is the manufacturer and seller, and the defendant Joseph Tetley & Co., the user, of a tea-bagging machine alleged to infringe all three of these patents.

The claims relied on are Nos. 1 and 2 of the two Hirschhorn patents, and Nos. 18, 19, 20, 21, and 22 of the Allatt reissue patent. The defenses are anticipation, prior use, lack of invention, and noninfringement.

The idea of the individual tea bag originated in 1910 with Louis Hirschhorn, now president of the plaintiff company; and during the years immediately following he succeeded, with the help of his father and three brothers, in laying the foundations of a large and prosperous business devoted entirely to producing, filling, and packing individual tea bags. From 1910 to 1920 these bags were tied with a string, and made entirely by hand, except for the stitching of the seam on a sewing machine. The business grew steadily from its inception, and by 1916 the yearly production had reached a total of from five to seven million bags. It then became apparent that machinery would be necessary to take care of the increasing volume, and a machinist named Suren was engaged to design a bag-making machine. He was unsuccessful, and thereupon another machinist named Kleidman was employed to take his place.

Kleidman's efforts resulted in the production of a bag-closing machine, for which he obtained a patent on October 28, 1924, No. 1,513,464, on an application filed May 28, 1919. This machine was, however, technically imperfect, and proved a failure. Then in 1919 Allatt was engaged to make a fresh start, and on October 11, 1920, he delivered his first bag-closing machine, for which he subsequently obtained reissue patent No. 16,897, now in suit. The Allatt machine immediately proved successful, and additional machines of the same type were quickly added by the Hirschhorns to take care of the growing business.

In the meantime, and on November 9, 1918, Benjamin Hirschhorn applied for a patent on a tea cartridge having its mouth closed with a metal strip; and on July 22, 1919, patent No. 1,310,796 was issued to him therefor. He testified that it was during this period of 1918 and 1919 that he conceived and prepared working models of the inventions of the two Hirschhorn patents now in suit, No. 1,496,537 and No. 1,497,276. The applications for these patents were not, however, filed until October 26, 1923, and February 3, 1923, respectively.

In 1920 the Hirschhorns produced twelve to fifteen million tea bags prior to the delivery in October of the Allatt machine; and these bags were all hand made, machine

872

stitched, and string tied. After the delivery of the Allatt machine in October, 1920, the bags continued to be formed and seamed on a sewing machine, but were then finished in the Allatt machine, the neck of the bag being closed with a metal ring instead of a string, as formerly. Later improvements were added to the machine, making it fully automatic; but these additions are not involved in the present suit.

In 1923 the operating end of the Hirschhorn business was incorporated under the name National Urn Bag Company, and in 1930 that company made and packed about two hundred and thirty-five million tea bags. The patents in suit are, however, owned by the plaintiff, which is a holding corporation for the patents; the members of the Hirschhorn family being the only stockholders of both companies.

The defendant Pneumatic Scale Corporation, Limited, is a manufacturer of packaging machinery, and Ralph N. Doble, one of its officers, designed the alleged infringing machine, which it manufactures and sells, and which is covered by patent No. 1,726,060, issued August 27, 1929, the application therefor having been filed March 10, 1924. The first machine manufactured in accordance with Doble's design was completed in October, 1923; and by 1927 there were a number of such machines in use by the large tea distributors of the country.

■ The Hirschhorn patent, No. 1,496,537, is for a die-shaped bag as distinguished from a stitched or seamed bag. The patentee states that in his earlier patent, No. 1,310,796, dated July 22, 1919, the bag was formed on a sewing machine, and closed with a metal ring; and that the object of his present invention is to do away with the "sewing operation and the ring forming machinery." He proposes to accomplish this by shaping a piece of fabric in a die "so as to form a bag-like container," and then, after charging the container with tea or coffee, "puckering the mouth" and tying it with a string having "a handle attached." The claims call for "a die-shaped," "bag-like," "seamless" container, having its mouth "drawn into folds," and tied with a string having one end "around the mouth portion," and "a handle attached to the other end of said string."

The Hirschhorn patent, No. 1,497,276, is for a method of manufacturing seamless tea bags, such as described in the foregoing patent, No. 1,496,537, except that it contemplates the use of a metal strip to close the mouth of the bag, instead of a string, as

shown in patent No. 1,496,537. The idea of the patentee is to draw the excess material into "substantially vertical loose folds" by the use of two co-operating corrugated dies, and then to pucker the mouth of the bag and apply a closure. It is this feature of the uniform distribution of the excess material into "substantially vertical folds" that characterizes both claims.

There was nothing new in the idea of the individual tea bag when the patents in suit, Nos. 1,496,537 and 1,497,276, were applied for in 1923. The Hirschhorns themselves had produced such tea bags as early as 1910, and they are clearly shown in the "Cauchois Caterer's Companion" published in 1915. Did it then constitute invention to make such tea bags "die-shaped" and "seamless," with the mouth "drawn into folds," and tied with a string having "a handle attached?" And, further, did it involve something more than the skill of the calling to draw the fabric through corrugated dies in such a way as to distribute the excess material into "substantially vertical folds?"

■ The mere statement of these questions should, I think, be sufficient to indicate negative answers. Manifestly, it required no inventive genius to substitute a seamless bag for a stitched bag in the manufacture of tea balls. And the closing of the mouth by means of a string with a handle attached was not only old in the art but involved only mechanical skill. Moreover, the mere shaping of dies to form the material into bags was not invention. Butler v. Steckel, 137 U. S. 21, 11 S. Ct. 25, 34 L. Ed. 582; Anderson & Writer Corp. v. Hanky Beret, Inc. (C. C. A.) 40 F.(2d) 196. I do not think, therefore, that either of the Hirschhorn patents discloses patentable invention.

It is insisted, however, that the plaintiff's conspicuous commercial success is "a powerful piece of evidence" in favor of invention. Kurtz v. Belle Hat Lining Co. (C. C. A.) 280 F. 277, 281. I think, though, it is a complete answer that the plaintiff has built up its business around the stitched bag rather than the die-shaped bag, and has not itself made use of the disclosures of either of the Hirschhorn patents. It cannot fairly be said, therefore, that these patents have contributed to the success of the business.

In view of this finding of noninvention with respect to the two Hirschhorn patents, it seems unnecessary to review in any detail the evidence relating to the alleged Upham prior use. This evidence consists mainly of (1) testimony by Pierce, the designer of the

Upham machine, as to its construction and operation; and that upwards of fifty of the machines were in use in the Upham plant in 1920 and 1921; (2) testimony by Mrs. Stone and Miss Knapp, former operatives of the machines in the Upham plant, regarding their construction and method of operation; (3) corroborative records showing the employment of Pierce, Mrs. Stone, and Miss Knapp by the Upham Company during the periods testified by them, respectively; and (4) records of the Tetley and Lipton companies showing the purchase in 1920 and 1921 of large quantities of tea bags from the Upham Company. There was, however, no contemporaneous shop drawing of the Upham machine, and none of the fifty or more machines testified to as having been in operation in the Upham plant in 1920 and 1921 was produced at the trial, or its absence satisfactorily accounted for. Whether, on the basis of such proof, the Upham use may be said to have been satisfactorily proved, it is not necessary to decide. It may, however, be doubted whether it meets the severe test now required in this circuit with respect to proof of prior use. Block v. Nathan Anklet Support Co. (C. C. A.) 9 F.(2d) 311; Douglas Pectin Corp. v. Armour & Co. (C. C. A.) 27 F.(2d) 814; A. B. Dick Co. v. Simplicator Corp. (C. C. A.) 34 F.(2d) 935.

There remains only to consider the Allatt machine patent, reissue No. 16,897. This patent discloses a highly organized machine for closing the neck of an already filled bag, "and applying thereto a metal band in the form of a ring," to hold the puckered portion of the bag together, and prevent any escape of the contents. The patent also shows the use of a circular knife for trimming the mouth of the bag after it has been puckered.

The claims are combination claims, and No. 18, which is fairly typical, reads: "A bag-closing machine, including a carrier, equi-distantly spaced means thereon for holding bags in puckered condition on said carrier, a knife in operative relation to said carrier, means for causing intermittent motion of said carrier so as to bring the bags thereon step by step to said knife, and means for causing said knife to move toward said carrier during each interval of rest of the latter."

The patent references relied on by the defendants are: (1) the Bates patent, No. 1,272,603, covering a bag-tying machine, which shows a rotary table, with slots for receiving bags, operating step by step to the closing position where the neck of the bag is bound with a wire; (2) the Mumford patent, No. 764,898, for a brush-making machine, showing an intermittently operated carrier, with means for gripping a "knot or tuft of bristles," and then successively jostling them into place, trimming the ends, fastening them with a metal band, and finally ejecting the completed brush from the carrier; (3) the Igou patent, No. 1,147,402, for a candy wrapping machine, with a swinging disc knife, operating at regular intervals as the carrier proceeds by a step by step movement; and (4) the Kleidman patent, No. 1,513,464, covering the unsuccessful tea-bag machine, which preceded the efforts of Allatt to design the machine of the patent in suit.

Plainly, none of these patents is in itself an anticipation of Allatt. And validity is not to be destroyed by selecting from the prior art detached elements of various patents and combining them into a purely hypothetical construction which has no real foundation in fact. Badische Anilin & Soda Fabrik v. Kalle (C. C.) 94 F. 163; Imperial Bottle Cap & Machine Co. v. Crown Cork & Seal Co. (C. C. A.) 139 F. 312.

But do the defendants infringe? Their machine, it is true, has a rotary table, with a step by step movement, similar in many respects to the Allatt carrier. But intermittent movement in automatic machinery is a familiar expedient for performing successive operations. And the closing jaws of the defendants' machine are essentially different from the puckering means of the Allatt patent. This is necessarily so for the reason that the defendants' machine produces a string-tied bag, and has none of the metal ring-closing mechanism of the Allatt patent. I do not think, either, that the defendants' cutting shears are the equivalent of the Allatt rotary knife. In general, I am satisfied that the two machines are substantially different, not only in the arrangement and method of operation, but also in the result attained. Typewriters Hilliardized, Inc. v. Corona Typewriter Co. (C. C. A.) 43 F.(2d) 961; Electro-Dynamic Co. v. United States Light & Heat Corp. (C. C. A.) 278 F. 80; Electric Protection Co. v. American Bank Protection Co. (C. C. A.) 184 F. 916, 923; Miller v. Eagle Mfg. Co., 151 U. S. 186, 208, 14 S. Ct. 310, 38 L. Ed. 121. I therefore hold that the defendants do not infringe.

It follows that there may be a decree in favor of the defendants dismissing the complaint, with costs.